UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

CLAUDE GALLAND,                        :

                Plaintiff,      :    **MEMORANDUM DECISION**

         - against -        :    05 Civ. 5639 (DC)

ERIC MARGULES et al.,                  :

              Defendants.    :

- - - - - - - - - - - - - - - - - -x

**CHIN, D.J.**

       Plaintiff, appearing pro se, brings the instant complaint, "challenging the constitutionality of Summary proceedings that allow[], permit and encourage the law to be used as an extortion tool[,]" and seeking as relief, inter alia, "no less than five million[]" dollars in damages and a review of "the law to fill the 'loopholes'[.]"[1]  (Compl. at 4 (unmarked)). Liberally construing plaintiff's complaint, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (pro se complaints must be "read liberally and should be interpreted 'to raise the strongest arguments that they suggest'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)), it appears that plaintiff is a party in an ongoing action involving a residential landlord-tenant dispute brought in the Housing Part of the Civil Court of the City of New York ("Housing Court").  (Compl. at 10-21).  For

---

[1]  This Court's Pro Se Office received the instant complaint on June 16, 2005.  I note that plaintiff has paid the requisite filing fee.

the following reasons, the instant action is dismissed.

<u>DISCUSSION</u>

**A.   Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal subject matter jurisdiction is available only when a "federal question" is presented or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000.00. <u>See</u> 28 U.S.C. §§ 1331, 1332.  A party seeking relief in the district court must plead facts that bring the suit within the court's subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P. 8(a)(1).  Failure to plead such facts warrants dismissal of the action.  Fed. R. Civ. P. 12(h)(3); <u>see also</u> <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."); <u>FW/PBS, Inc. v. City of Dallas</u>, 493 U.S. 215, 231 (1990) (courts have an "independent obligation to examine" the basis of their jurisdiction); <u>Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford</u>, 711 F.2d 501, 503 (2d Cir. 1983) (citing Fed. R. Civ. P. 12(h) when holding that courts may dismiss cases <u>sua</u> <u>sponte</u> for lack of subject matter jurisdiction).

**1.    Federal Question**

To invoke federal question subject matter jurisdiction, plaintiff's claims must arise "under the Constitution, laws, or

treaties of the United States."  28 U.S.C. § 1331; see State of
New York v. White, 528 F.2d 336, 338 (2d Cir. 1975) ("Federal
question jurisdiction may be properly invoked only if the
plaintiff's complaint necessarily draws into question the
interpretation or application of federal law.").  Despite
granting pro se plaintiff's complaint the liberal interpretation
it is due, plaintiff's action fails to invoke this Court's
federal question subject matter jurisdiction.  As stated above,
the instant action appears to arise out of a residential
landlord-tenant action pending in Housing Court.  Plaintiff's
case must be dismissed as federal courts do not have federal
question subject matter jurisdiction over state residential
landlord-tenant matters.  United Mut. Houses, L.P. v. Andujar,
230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002); Chiania v. Broadmoor
Assocs., No. 94 Civ. 0613 (RPP), 1994 WL 30412 (S.D.N.Y. Feb. 2,
1994); Kya-Hill v. New York State Unified Ct. Sys., No. 94 Civ.
0176 (RPP), 1994 WL 17925 (S.D.N.Y. Jan. 18, 1994); Macebuh v.
Parker, No. 93 Civ. 8761 (CSH), 1994 WL 4258 (S.D.N.Y. Jan. 7,
1994); Glen 6 Assocs., Inc. v. Dedaj, 770 F. Supp. 225, 228
(S.D.N.Y. 1991).

        Plaintiff does refer to violations of his
constitutional rights within his complaint.  (Compl. at 1-3, 21).
Nevertheless, this Court does not have federal question subject
matter jurisdiction over plaintiff's housing law claims, even
when such claims are dressed in the garb of constitutional
claims.  See Vill. of Millbrook v. Forrest, 903 F.Supp. 599, 600

(S.D.N.Y. 1995) ("Where, as here, the [plaintiff's]
constitutional claim appears to be nothing more than a state
court claim 'recloaked in constitutional garb,' the
constitutional claim is insufficient to confer jurisdiction.")
(quoting Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989)).
Therefore, to the extent plaintiff's action arises out of a
residential landlord-tenant dispute, this action is dismissed
because it fails to invoke this Court's federal question subject
matter jurisdiction.

Nonetheless, even if this Court were to liberally
construe plaintiff's action as one brought under 42 U.S.C. §
1983, wherein plaintiff alleges that his constitutional rights
have been violated by defendants, the instant action still would
be subject to dismissal.  Section 1983 provides a plaintiff a
vehicle for the redress of violations of his constitutional
rights when such violations are carried out by persons acting
under color of state law.  See 42 U.S.C. § 1983; Blessing v.
Freestone, 520 U.S. 329, 340 (1997).  "A plaintiff pressing a
claim of violation of his constitutional rights under § 1983 is
thus required to show state action."  Trancredi v. Metro. Life
Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003), cert. denied, 539
U.S. 942 (2003); see Rendell-Baker v. Kohn, 457 U.S. 830, 838
(1982) ("'In cases under § 1983, "under color" of law has
consistently been treated as the same thing as the "state action"
required under the Fourteenth Amendment.'") (quoting United
States v. Price, 383 U.S. 787, 794 n. 7 (1966)); United States v.

- 4 -

<u>Int'l Bhd. of Teamsters</u>, 941 F. 2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action'."). Therefore,

> to satisfy the state action requirement where the defendant is a private entity, the allegedly unconstitutional conduct must be fairly attributable to the state.  Conduct that is ostensibly private can be fairly attributed to the state only if there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself.

<u>Trancredi</u>, 316 F. 3d at 312 (citations and internal quotation marks omitted).  Plaintiff has failed to allege facts demonstrating how defendants -- apparently private parties -- were "state actors" for the purpose of § 1983 when they allegedly violated plaintiff's federally protected rights.  Therefore, to the extent plaintiff raises § 1983 claims against defendants, such claims are dismissed.

Additionally, to the extent plaintiff raises § 1983 claims in an attempt to have this Court review and/or intervene in a pending matter in a New York court, such claims are also dismissed.  In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court held that a "federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." <u>Gibson v. Berryhill</u>, 411 U.S. 564,

- 5 -

573-74 (1973) (citing Younger, 401 U.S. at 54).  "Younger
abstention also has been extended beyond the ambit of state
criminal prosecutions to state civil proceedings and
administrative proceedings."  Washington v. County of Rockland,
373 F.3d 310, 318 (2d Cir. 2004); see also Diamond "D" Constr.
Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002) ("Younger
generally requires federal courts to abstain from taking
jurisdiction over federal constitutional claims that involve or
call into question ongoing state proceedings.").  "Younger
abstention is mandatory when: (1) there is a pending state
proceeding, (2) that implicates an important state interest, and
(3) the state proceeding affords the federal plaintiff an
adequate opportunity for judicial review of his or her federal
constitutional claims."  Spargo v. N.Y. State Comm'n on Judicial
Conduct, 351 F.3d 65, 75 (2d Cir. 2003), cert. denied, 541 U.S.
1085 (2004).  To the extent there is an ongoing residential
landlord-tenant action pending in Housing Court, where both
plaintiff and defendants are parties, and notwithstanding whether
an important state interest is implicated, plaintiff has failed
to allege facts demonstrating that any of the proceedings held
during the pendency of such an action have been an inadequate
"opportunity for judicial review of his . . . federal
constitutional claims."  Spargo, 351 F.3d at 75.  Therefore, to
the extent that plaintiff raises § 1983 claims in an attempt to
have this Court review and/or intervene in an ongoing residential
landlord-tenant action pending in Housing Court, where both

plaintiff and defendants are parties, such claims are dismissed.

    2.    **Diversity Jurisdiction**

        With respect to this Court's diversity jurisdiction,
"[a] case falls within the federal district court's 'original'
diversity 'jurisdiction' only if diversity of citizenship among
the parties is complete, _i.e._, only if there is no plaintiff and
no defendant who are citizens of the same State." Wis. Dep't of
Corr. v. Schacht, 524 U.S. 381, 388 (1998).  In addition, "the
party asserting diversity jurisdiction in federal court has the
burden of establishing the existence of the jurisdictional amount
in controversy." Lupo v. Human Affairs Int'l, Inc.,  28 F.3d
269, 273 (2d Cir. 1994) (citing McNutt v. Gen. Motors Acceptance
Corp. of Ind., 298 U.S. 178, 189 (1936)).  Plaintiff has
indicated that he and defendants all reside in New York.  (Compl.
at 1).  Therefore, to the extent plaintiff's action is based on
this Court's diversity subject matter jurisdiction, it must be
dismissed as well.

                        **CONCLUSION**

        Accordingly, the instant action is dismissed with
prejudice as to the purported federal claims and without
prejudice to the state court proceedings.  See Fed. R. Civ. P. 12
(h)(3).  Although this Court would generally permit amendment of
a fee-paid complaint to cure any defects before dismissing the
case sua sponte, see Hughes v. City of Albany, 76 F.3d 53, 56 (2d
Cir. 1996), there is no need to do so here because plaintiff
presents no arguably meritorious issue.  Fitzgerald v. First E.

Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (per curiam) ("[W]e hold that district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee[.]"); Pourzancvakil v. Humphry, No. Civ. A. 94-CV-1594, 1995 WL 316935, at *8 (N.D.N.Y. May 23, 1995) ("The law in this circuit is that a district court may sua sponte dismiss a frivolous complaint even if the plaintiff has paid the filing fee.") (citing Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), aff'd, 41 F.3d 1500 (2d Cir. 1994)); cf. Pillay v. INS, 45 F.3d 14, 17 (2d Cir. 1995) (per curiam) (discussing appellate court's inherent authority to dismiss non-meritorious and/or frivolous fee-paid cases).

The Clerk of the Court is directed to enter judgment accordingly and shall close this case.

SO ORDERED.

Dated:    New York, New York
          August 17, 2005

DENNY CHIN
United States District Judge

- 8 -